UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11439
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY VINZIEL INGRAM,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-235-ALL-H
- - - - - - - - - -

December 1, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Henry Vinziel Ingram argues that the district court erred by
denying his motion to suppress because the facts presented at the
suppression hearing show that the police officer's pat-down
search of Ingram was not reasonably justified.  In the context of
the denial of a motion to suppress, we view the evidence in the
light most favorable to the prevailing party which, in this case,
is the Government.  See United States v. Michelletti, 13 F.3d
838, 841 (5th Cir. 1994)(en banc).  The ultimate conclusion

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

whether an investigatory stop and frisk is reasonable is a conclusion of law that is reviewed <u>de</u> <u>novo</u>.  <u>See</u> <u>id.</u>

Ingram concedes that he was lawfully detained by the police officer.  Once an individual has been lawfully detained, the police may perform a limited protective search for concealed weapons if they justifiably believe the individual is armed and presently dangerous.  <u>See</u> <u>United States v. Rideau</u>, 969 F.2d 1572, 1574 (5th Cir. 1992)(en banc).  The facts in this case support the district court's finding that the police officer's search of Ingram was reasonable.  <u>See</u> <u>Michelletti</u>, 13 F.3d at 841 (district court's denial of a motion to suppress should be upheld "'if there is any reasonable view of the evidence to support it.'") (citations omitted).

AFFIRMED.